Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALOFORNIA

| | |
|---|---|
| JELENA FILIPOVIC, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | **AND DEMAND FOR JURY TRIAL** |
| CRYSTAL CRUISES, LLC, a corporation for profit; INTERNATIONAL CRUISE SERVICES LTD (BAHAMAS), a corporation for profit; CRYSTAL CRUISES MANNING AS, a corporation for profit, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JELENA FILIPOVIC, brings this action individually. This action is brought against Defendants CRYSTAL CRUISES, LLC, a corporation for profit; INTERNATIONAL CRUISE SERVICES LTD, a corporation for profit; and CRYSTAL CRUISES MANNING AS, a corporation for profit,

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

for personal injuries sustained by Plaintiff JELENA FILIPOVIC while performing her duties as a seaman for Defendants.   Plaintiff, JELENA FILIPOVIC, seeks damages and demands a jury trial on all issues so triable against Defendants.

### Jurisdiction and the Parties

1.      Plaintiff, JELENA FILIPOVIC, is a citizen of Serbia.

2.      Defendant CRYSTAL CRUISES, LLC, ("CRYSTAL") was and is a for profit California company with its principle place of business and worldwide headquarters in Los Angeles County, California.

3.      Defendant INTERNATIONAL CRUISE SERVICES LTD  ("ICSL"), was and is a foreign corporation conducting business in California.

4.      Defendant CRYSTAL CRUISES MANNING AS ("CCM") was and is a corporation conducting business in California.   CCM is wholly owned by CRYSTAL.  CCM is an agent and/or representative of ISCL.

5.      Defendants at all times material hereto, personally or through an agent:

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.      Was engaged in substantial activity within this state;

c.      Operated vessels in the waters of this state;

d.      Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

e.     The acts of the Defendants set out in this Complaint occurred in whole or in part in this state and/or county;

6.     This is an action for damages in excess of this Court's jurisdictional minimum, and is otherwise within the jurisdiction of this Court. Jurisdiction and venue are proper in this County and district pursuant to sections 410.10, 395, and 395.5 of the Civil Code in that the Defendants reside or do business in this County, and the aggregate amount of the claims exceed the jurisdictional minimum of this Court.

7.     All conditions precedent for filing and maintaining the instant action have been fulfilled, performed, or waived.

8.     The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. §30104, the General Maritime Law of the United States, and the laws of California as applicable.

## GENERAL ALLEGATIONS

### Plaintiff's Employment

9.     At all times material hereto, Defendant CRYSTAL owned, operated, managed, maintained and/or controlled the vessel *Crystal Serenity* ("the Serenity").

10.     At all times material hereto, Plaintiff was employed as a seaman and was a member of the crew aboard Serenity in its service in the capacity of bar waitress. At all times material hereto, the Serenity was in navigable waters.

11.     On or about July 24, 2018, the Plaintiff entered into an Employment

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Contract with ICSL.  Insofar as Plaintiff was not formally employed by CRYSTAL or CCM, the Plaintiff was a borrowed servant and subject to Defendants' control.[1]

12.     The Employment Contact incorporates and adopts the terms and conditions of a Collective Bargaining Agreement ("CBA") which was entered into by CCM "for and on behalf" of ISCL and by its terms applies to all seafarers employed on vessels operated by CRYSTAL, including the Serenity.

13.     The CBA defines seafarer to mean "any person who is employed or engaged or works in any capacity aboard a vessel to which the agreement applies." The CBA also defines "Ship Owner/Company" to mean the owner of the vessel or another organization or person, such as the manager, agent or bareboat charter who has assumed the responsibility for the operation of the vessel from the owner."

14.     The CBA provides that crewmembers, such as Plaintiff, who are discharged due to sickness or injury, <u>shall</u> be entitled to medical treatment, maintenance and sick wages.  Further that "the Company" will pay medical treatment and maintenance until the seafarer reaches Maximum Medical Cure.   This is referred to as the provision of Maintenance and Cure.

15.     The CBA also provides that the Company will not violate any provision contained with the Maritime Labour Convention, 2006 (MLC).  The MLC entitles

---

[1] It is well established that a seaman may have and allege more than one employer for purposes of the Jones Act.  *See Spinks v. Chevron Oil Co*., 507 F.2d 216 (5th Cir. 1975) "[A] seaman may have more than one Jones Act employer. . . . The Defendant can sort out which between them will bear the final cost of recovery, either through common law indemnity or contribution principles, or contractual provisions . . . .")

Plaintiff's Complaint and Demand for Jury Trial

seafarers, including Plaintiff, to Maintenance and Cure benefits and sick wages.

16.     The CBA further provides that all claims relating to or connected with the seafarer's services for "the Company" shall be resolved by arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) except actions to compel arbitration or to enforce the arbitration award. The CBA does not name a specific entity to conduct the arbitrations (such as NAM or AAA) but simply states that "any arbitration shall be conducted pursuant to such rules as the parties may agree upon."

## The Incident

17.     Prior to signing aboard the vessel, Plaintiff was required to undergo a pre-employment physical and was found "fit for duty" with no restrictions.

18.     On or about November 12, 2018, Plaintiff was injured while performing her duties as a bar waitress when she was restocking her bar area and was required to repeatedly carry heavy items without proper assistance or equipment for doing so.

19.     Shortly after her incident, Plaintiff reported her injuries to the shipboard medical personnel but was denied proper, timely and/or adequate medical care. Over the next two weeks Plaintiff was given pain medication to mask her symptoms and was instructed and/or required to return to work while on the pain medication. This exacerbated and worsened her condition.

20.     On or about November 25, 2018, the shipboard physician diagnosed Plaintiff with "cervico – brachialgia L side" and "pain L shoulder" with complaints

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

5

of "left sided neck pain which radiated to her elbow."  He also requested that Plaintiff be seen by an orthopedic surgeon on November 28, 2018 "for further evaluation and treatment."

21.    Although the Plaintiff was injured while performing her duties in the service of the vessel and the ship board physician had referred her to an orthopedic surgeon for further care, upon instruction of the ship's manager Plaintiff was not medically signed off but was forced to sign off for "early vacation."

22.    Upon her return home Plaintiff sought medical care and ultimately required a cervical fusion as a result of her shipboard injuries suffered while working in service of the vessel.

23.    After improperly forcing the Plaintiff to sign off for early vacation, rather than on medical, Defendants have refused to provide her with her sick wages or her Maintenance and Cure benefits as required under the law and in accordance with her Employment Contract.

24.    Defendants have further ignored Plaintiffs' repeated requests to commence Arbitration.

25.    Defendants have by their inaction waived their right to arbitration.

## COUNT I – JONES ACT NEGLIGENCE AS TO ALL DEFENDANTS

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs one (1) through twenty five (25), and alleges as follows:

26.    At all times material hereto, it was the duty of Defendants to provide

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff with a reasonably safe place to work, including a competent crew.

27.     Pursuant to the Jones Act, Defendants are liable for injuries arising in whole or in part from the negligence of any officers, agents or employee of Defendants, which includes the ship's medical staff.

28.     As Plaintiff's attending physicians the ship's doctors exercised control and authority over the Plaintiff's care and lack of care aboard the Serenity.

29.     In providing healthcare to the Plaintiff, the ship's medical staff owed the Plaintiff a duty of reasonable care, which is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by a reasonably prudent similar healthcare providers.

30.     At all times material hereto, all of Plaintiff's injuries are due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees as follows:

a.     Failure to use reasonable care to provide and maintain proper and adequate machinery, crew and equipment; and/or

b.     Failure to use reasonable care to provide Plaintiff with a safe place to work;

c.     Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of her employment on Serenity;

d.     Failure to use reasonable care to provide Plaintiff a safe place to work

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

due to:

1. Failing to provide proper crew and/or device(s) to stock the bar area;

2. Failing to provide Plaintiff with proper lifting devices and/or sufficient assistance to perform her job duties in a reasonably safe manner;

3. Failing to have adequate policies and procedures to prevent bar wait staff from becoming injured while repeatedly lifting heavy objects;

4. Requiring Plaintiff to lift and hold items which were too heavy for one person to safely lift and hold;

5. Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting;

6. Failing to warn Plaintiff of the dangers of doing repetitive heavy lifting;

7. Failing to provide adequate manpower to perform the work assigned Plaintiff;

8. Creating a working environment where crewmembers are discouraged and/ or unable to assist each other with duties;

9. Creating a working environment where crewmembers are rushed to complete their duties;

10. Requiring Plaintiff to continue repetitive heavy lifting and/or heavy lifting duties, despite her injury;

11. Sending Plaintiff back to work on pain killers after her injury;

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

12. Requiring Plaintiff to work with an injury;

13. Creating a work environment where crewmembers are sent back to the true nature and extent of their injuries being determined; and/or

14. Failing to warn Plaintiff of the dangers of working with an injury;

15. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

16. Failing to properly diagnose and/or treat Plaintiff's injuries; and/or

17. Failing to provide Plaintiff with prompt, proper and adequate medical treatment.

e.   Failure to provide adequate instruction and supervision to crewmembers and Plaintiff;

f.   Failure to provide prompt, proper, and adequate medical care to the Plaintiff when she sought medical attention for her condition;

g.   Failing to properly diagnose and treat the Plaintiff's condition;

h.   Failure to provide Plaintiff and other crewmembers who were associated with Plaintiff or Plaintiff's incident(s) giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendants' employees are overworked to the point of fatigue;

i.   Failure to learn and apply the common and well-known principles of industrial ergonomics and apply them on board the Serenity; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

j.      Failure to incorporate modern work methods, procedures, and material handling techniques on board the Serenity;

k.      Failure to properly train workers (such as Plaintiff to lift heavy objects) and to staff the proper amount of workers, which results in small/undersized work crews improperly doing jobs that are traditionally handled by larger crews;

l.      Failing to provide Plaintiff with mechanized aids commonly available in other industries and at comparable land based jobs;

m.      Failing to ascertain the cause of prior similar accidents/incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

n.      Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work;

o.      Failure to investigate the hazards to Plaintiff before Plaintiff's incident(s) and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard;

p.      Failure to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147;

q.      Failed to select and utilize competent, skilled, and properly trained medical care providers on board and shore side, having adequate

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

expertise with which to provide the Plaintiff with prompt, proper and adequate medical care; and/or

r.      Failure to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crewmembers on the Serenity the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000);

s.      Failure to properly medically manage Plaintiff's medical care after Plaintiff was injured and sought care;

t.      Other acts or omissions constituting a breach of the duties owed to the Plaintiff which are revealed through discovery.

31.     At all material times hereto, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the Serenity.

32.     All of the above caused the Plaintiff to be injured and to receive negligent and inadequate medical care for her injuries.

33.     At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care, should have learned of them and corrected them.

34.     As a result of the negligence of Defendants, the Plaintiff was injured

11

about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and her working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II – UNSEAWORTHINESS AS TO DEFENDANT CRYSTAL

Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through twenty five (25) as though they were originally alleged herein.

35.     On or about the above-stated dates, Plaintiff was a seaman and a member of the crew of Serenity, which was in navigable waters.

36.     At all times material hereto, Serenity was owned, managed, operated and/or controlled by Defendant.

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

37.  Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

38.  On or about the above-stated dates, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a.  The vessel was unsafe and unfit due to the conditions created by Defendant as follows:

   1.  Failing to provide the proper crew and/or other device(s) for repetitive lifting;

   2.  Failing to have adequate policies and procedures to prevent bar wait staff from becoming injured while repeatedly lifting heavy objects;

   3.  Requiring Plaintiff to lift, hold and carry items which were too heavy for one person to safely lift, hold and carry in the manner required by the Defendant;

   4.  Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting and/or heavy lifting;

   5.  Failing to warn the Plaintiff of the dangers of doing repetitive heavy lifting and/or heavy lifting;

   6.  Failing to provide adequate manpower to perform the work assigned to Plaintiff;

   7.  Creating a working environment where crewmembers are discouraged and/ or unable to assist each other with duties;

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

8. Creating a working environment where crewmembers are rushed to complete their duties;

9. Requiring Plaintiff to continue repetitive heavy lifting and/or heavy lifting duties, despite her injury;

10. Sending Plaintiff back to work on pain killers after her injury;

11. Requiring Plaintiff to work while injured;

12. Creating a work environment where crewmembers are encouraged to return to work while injured;

13. Failing to warn Plaintiff of the dangers of working while injured;

14. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

15. Failing to properly diagnose and/or treat Plaintiff's injuries; and/or

16. Failing to provide Plaintiff with prompt, proper and adequate medical treatment.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew were not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task(s) being performed;

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties;

14

g.      Failed to select and utilize competent, skilled and properly trained medical care providers on board and shore side, with adequate expertise with which to provide the Plaintiff with prompt, proper and adequate medical care and failing to equip the vessel's medical facility with proper and adequate medical equipment.

h.      The vessel's medical staff negligently treated and medically managed Plaintiff's medical care after she was injured, causing a worsening of her condition.

39.     All of the above caused the *Serenity* to be unseaworthy and unfit for its intended purpose, thereby causing the Plaintiff to be injured and to receive negligent and inadequate medical care for her injuries.

40.     As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and Plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III - FAILURE TO PROVIDE MAINTENANCE AND CURE AS TO ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and adopts paragraphs one (1) through twenty five (25) as though they were originally alleged herein.

41.    On or about the above-stated dates, Plaintiff was injured while in the service of the vessel as a crewmember.

42.    Under the General Maritime Law and by operation of treaty, Plaintiff, as a seafarer, is entitled to recover maintenance and cure from Defendant, until declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

43.    Defendants failed to provide Plaintiff with prompt, proper and adequate medical care for her injuries. Defendants failed to provide Plaintiff with timely maintenance and cure benefits. Defendants failed to promptly authorize and/or provide medical care for Plaintiff. Defendants failed to promptly reimburse Plaintiff

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

for out of pocket medical expenses.

44.     Defendants willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

45.     Defendants' failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seafarer. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages entitled by law, including punitive damages[2] and attorney's fees and demands jury trial of all issues so triable.

## COUNT IV - FAILURE TO TREAT
## AS TO EACH DEFENDANT

---

[2] Pursuant to the United States Supreme Court case of *Atlantic Sounding Co., Inc., et al. v. Townsend*, 557 U.S. 404 (2009).

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through twenty five (25) as though originally alleged herein.

46.     On or about the above-stated dates, Plaintiff was employed by Defendants as a seafarer and was a member of the vessel's crew. The vessel was in navigable waters.

47.     At all times material hereto, it was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

48.     At all times material hereto, Defendant (through the ship's physicians and/or shoreside physicians and nurses) negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

    a.     Defendants not giving Plaintiff medical care after it was recommended by the ship board doctor and forcing the Plaintiff to sign off on early vacation;

    b.     Defendants not giving Plaintiff medical care in a timely manner after she presented with her complaints to the ship's doctor and/or nurse seeking treatment for her condition;

    c.     Defendants not properly diagnosing Plaintiff's injury;

    d.     Defendant not providing Plaintiff with prompt, proper, and/or adequate medical care after his injury;

    e.     Defendant not referring and/or transporting Plaintiff to an onshore

Plaintiff's Complaint and Demand for Jury Trial

medical hospital for Plaintiff to receive prompt, proper, complete and adequate medical care for his injuries;

f.     Defendant sending Plaintiff back to work while she was still injured and on pain medication;

g.     Defendant not reimbursing and/or not timely reimbursing Plaintiff for her out-of-pocket medical expenses;

h.     Defendant not authorizing and/or not timely authorizing/providing Plaintiff with medical care; and/or

i.     Defendant prematurely terminating Plaintiff's medical care.

49.     As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.

50.     In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and Plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future.

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

51.   This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully requests the Court enter judgment in his favor and against the Defendant as follow:

1.   To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2.   To award compensatory damages in an amount to be ascertained at trial;

3.   To award maintenance and cure;

4.   To award the costs of suit, and punitive damages as permitted by law;

5.   For attorney's fees and costs of prosecution for the non-payment or underpayment of maintenance and cure benefits as delineated above;

6.   For prejudgment interest according to proof; and

7.   To enter such other and further relief as the Court deems just under the circumstances.

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   October ___, 2019.

BY: *s/ Carol L. Finklehoffe*_____
        CAROL L. FINKLEHOFFE
        *Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff JELENA FILIPOVIC hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   October ____, 2019.

BY: *s/ Carol L. Finklehoffe*_____
        CAROL L. FINKLEHOFFE
        *Attorney for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial